**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

A.W. & N.W. *individually and on behalf of*
B.W., *a student with a disability*,

                            Plaintiffs,

           - v -                          Civ. No. 1:14-CV-1583
                                                     (DNH/RFT)

BOARD OF EDUCATION OF THE
WALLKILL CENTRAL SCHOOL DISTRICT,

                            Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

Plaintiffs bring this action, pursuant to Individuals with Disabilities Education Improvement Act of 2004 (the "IDEA"), 20 U.S.C. § 1415(i)(2)(A), as well as other federal and statutory provisions, seeking a review of the final administrative decision rendered by the New York State Review Officer ("SRO") on September 19, 2014, which denied them tuition reimbursement for infant B.W.'s placement at Kildonan School ("Kildonan"), a private school. Dkt. No. 1, Compl., at ¶¶ 1-2. Wallkill Central School District ("Wallkill") filed an Amended Answer with Counterclaims. Dkt. No. 6.

Currently before the Court is Plaintiffs' Letter-Motion seeking to supplement the Administrative Record. Dkt. No. 9, Pls.' Lt.-Mot., dated Feb. 27, 2015. Wallkill opposes Plaintiffs' Application. Dkt. Nos. 10, Neelanjan Choudry, Esq., Affirm.,

dated Mar. 6, 2015, 10-1 through 10-3, Exs., & 10-4, Def.'s Mem. of Law, dated Mar. 6, 2015. Plaintiffs filed a Reply Letter-Brief on March 8, 2015. Dkt. No. 12.

Briefly, B.W. apparently suffers from un-remediated dyslexia with a history of poor performance while in public school. His parents placed him with Kildonan, a school that specializes in preparing children with verbal learning disabilities and dyslexia for college. Pursuant to the IDEA, Wallkill is supposed to provide a free appropriate public education ("FAPE") to children with disabilities, and therefore, B.W.'s parents seek reimbursement for the tuition paid to Kildonan for the school years 2011-2012, 2012-2013, and 2013-2014. *See generally* Dkt. No. 1, Compl.

Because the parties disagreed as to the rate for B.W.'s Independent Educational Evaluation ("IEE"), Wallkill's psychological evaluation, and the reimbursement of the paid tuition, Plaintiffs submitted a Due Process Complaint alleging that the Wallkill failed to provide a FAPE to B.W. during the 2011-2012, 2012-2013, and 2013-2014 school years. An Impartial Hearing commenced on January 29, 2014, and concluded on April 24, 2014. During the Hearing both parties presented witnesses who were cross-examined and submitted documentation to support their respective positions. At the conclusion of the proof, the Independent Hearing Officer ("IHO"), finding that the Plaintiffs had met their burden under the *Burlington/Carter* test,[1] awarded them

---

[1] The Supreme Court established a three-pronged test to determine whether parents are
(continued...)

reimbursement in the amount of $187,000 for the tuition they paid and the financial aid that they received from Kildonan. *Id*.

Wallkill filed a petition with the State Review Officer ("SRO") to review the IHO's decision. The SRO, in a written opinion, affirmed in part and reversed in part the IHO's decision, principally discounting the Kildonan's approach to B.W.'s special education and Plaintiffs' and Kidonan's claims of progress with B.W.'s behavior. Essentially, the SRO found that the Plaintiffs met their burden for the 2011-2012 school year but failed to do so for the school years 2012-2013 and 2013-2014, and accordingly reversed the award of tuition for those two school years.

In bringing this action, Plaintiffs disagree with the SRO's ruling and exercise their right to an administrative review of that ruling. With regard to the pending Motion, Plaintiffs seek to supplement the Administrative Record with additional evidence with the expectation that they can establish the scientific and pedagogical soundness of Kildonan's teaching methodology and its effectiveness with B.W. Dkt. No. 9 at p. 2. In particular, a 2015 psychological evaluation of B.W. by Randall

---

¹(...continued)
entitled to reimbursement for tuition paid to a private school for a child with a disability and who may be in need of a special education under the IDEA. When seeking reimbursement, a party must establish (1) whether the school district's proposed plan will provide the child with a FAPE; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities. *See Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1985); *Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985); *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009).

Thomas, Ph.D, and five affidavits from Kildonan faculty and staff constitute the proffered additional evidence. *See id.* at pp. 3-5.

The IDEA, codified at 20 U.S.C. § 1400 *et. seq.*, requires states that receive federal funds to ensure a free appropriate public education is available to all children with disabilities residing within that particular state. If a public school district fails in that mission and the child is placed in an appropriate private school, a court may require the school district to reimburse the parents for the cost of that private schooling. To enforce the legislative intent of this statutory regime, a state's educational agency is required to establish and maintain safeguard procedures, particularly due process rights, an impartial due process hearing, and an appeal process. *See generally* 20 U.S.C. § 1415; *see also Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239 (2009) (discussing the legislative intent of IDEA). Any party aggrieved by the administrative process has a right to commence a civil action. 20 U.S.C. § 1415(i)(2). When commencing a civil action, a court shall receive the administrative record, "hear additional evidence at the request of a party," and decide the matter on the preponderance of evidence. *Id*. at § 1415(i)(2)(C)(i)-(iii); *Burlington v. Dep't of Educ.*, 471 U.S. 359, 369 (1985); *Grim v. Rhinebeck Cent. Sch. Dist*., 346 F.3d 377, 380 (2d Cir. 2003) (noting that a court can take into account any further evidence presented to it).

Because the Second Circuit has yet to address the admission of additional evidence, courts within the Circuit have turned to the First Circuit for guidance.[2] *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984), *aff'd on other grounds, Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985) (cited in *Eschensasy v. New York Dep't of Educ.*, 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009) & *M.S. and J.S. v. New York City Dep't of Educ.*, 2013 WL 6028817, at *3 (E.D.N.Y. Nov. 13, 2013)). Accepting the First Circuit's guidance, this Court fully understands that the administrative record is the principal source of evidence, and that additional evidence means supplemental evidence, "so that witnesses could not 'repeat or embellish their prior administrative testimony.'" *M.S. v. New York City of Dep't of Educ.*, 2013 WL 6028817, at **3 & 5 (quoting *Burlington*, 736 F.2d at 790). Still, the First Circuit did not espouse an inflexible rule that would limit a court's discretion. *Burlington*, 736 F.2d at 790-91; *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995) (finding that what to admit and the weight accorded to that additional evidence is "left to the discretion of the trial court"). Rather, the First Circuit adopted a rebuttable presumption that directs courts to be circumspect when allowing additional evidence that was not presented during the administrative proceeding:

---

[2] It is noteworthy that a majority of other Circuits have adopted the First Circuit's standard regarding additional evidence. *See Eschensasy v. New York City of Dep't of Educ.*, 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009) (listing the other Circuits that adopted the standard).

> [A] court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Burlington*, 736 F.2d at 791 (quoted in *M.S. v. New York City Dep't of Educ.*, 2013 WL 6028817, at * 3).

In this respect, the additional evidence should not be permitted to alter "the character of the hearing from one of review to a trial devo" nor allow the parties "to patch up holes in their administrative case." *Genn v. New Haven Bd. of Educ.*, 2015 WL 1064766, at *4 (D. Conn. Mar. 11, 2015). If such was permitted, it would undermine the purpose of the administrative hearing – developing a complete factual record – as well as threaten judicial resources. *Id*. Accordingly, the party seeking to supplement the record "bears the burden of establishing that the additional evidence is probative of the issues before the court, and must explain why the evidence was not presented at the administrative level." *Id*. (citations omitted). In the final analysis, the decision to admit additional evidence is entrusted to the sound discretion of the court, appreciating that supplemental evidence must be "relevant, non-cumulative, and useful." *Susan N. v. Wilson Sch. Dist.*, 70 F.3d at 760.

First, the Court turns to the five affidavits to be presented by Kildonan's faculty and staff in order to "attest[] to the strategies for addressing B.W.'s issues and to B.W.'s behavioral improvement during the 2012-13 and 2013-14 school years." Dkt.

No. 9 at p. 5. Plaintiffs explain that these faculty and staff members will offer a more in-depth testimonial about Kildonan's strategy of integrating behavior management into its academic setting. Wallkill challenges the introduction of these affidavits as supplemental evidence with a laundry list of reasons. *See* Dkt. No. 104, Def.'s Mem. of Law, at pp. 5-12. Wallkill's overarching argument against admission of this additional evidence is that Plaintiffs failed to overcome the *Burlington* rebuttable presumption. Prominent reasons, among many, for exclusion of this additional evidence are (1) Plaintiffs had an opportunity to call these additional witnesses during both the Independent Hearing and the SRO; (2) these sworn affidavits will transform this civil action from a review of an administrative agency's determination to a full *de novo* trial; (3) the affidavits would undercut the IDEA's strong policy goal of finality; (4) members of Kildonan's faculty and staff testified at the Independent Hearing, and to allow others would be unduly duplicative and a waste of judicial resources; and (5) to allow this additional evidence, "impermissibly reduce[s] the administrative proceeding to be a mere dress rehearsal." *Id*. (citations omitted). The Court concurs with Wallkill's observations.

Nonetheless, Wallkill's most compelling argument against the admissibility of this additional evidence is that "the motion is nothing more than a procedural gambit to shade additional Kildonan witnesses from the scrutiny of cross-examination." *Id*.

at p. 10. In this regard, at the Hearing, Plaintiffs called several witnesses, two of which were from Kildonan. Dkt. No. 1-1, IHO's Dec., dated June 20, 2014. All of the witnesses presented during the Hearing were fully cross-examined. *See generally id*. The Court agrees with Wallkill that the Plaintiffs had ample opportunity to produce these other witnesses who could have been subjected to cross examination, and to allow affidavits at this juncture of the overall proceeding fully circumvents Wallkill's due process rights. Furthermore, Plaintiffs did not take the opportunity to specifically identify these five employees nor the substance of each of their sworn testimony. Rather, Plaintiffs resorts to a single, blanket summary for all of these proposed affiants. More to the point, the Plaintiffs fail to explain why this proof was not offered during the administrative proceedings or why they were not in the position to secure these witnesses for the Hearing.

These purported, supplemental affidavits do not display any greater relevance nor add any significant information not already in the record. *Eschensasy v. New York City Dep't of Educ.*, 604 F. Supp. 2d at 649. In fact, the Court finds the proposed affidavits to be of "questionable relevance" or usefulness, and mostly cumulative. *Susan N. v. Wilson Sch. Dist.*, 70 F.3d at 760; *A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d 152, 171 (D. Conn. 2006). The Court further finds that allowing this supplement proof would (1) undercut the statutory role of the administrative expertise,

(2) create inequity toward Wallkill, and (3) expend precious judicial resources. *M.S. v. New York City Dep't of Educ.*, 2013 WL 6028817, at *3. Accordingly, these proposed affidavits will not be allowed.

On the other hand, the Court is not persuaded by Wallkill's arguments to preclude the admission of Dr. Thomas's evaluation of B.W. Dtk. No. 12, Pls.' Reply Lt-Br., dated Mar. 6, 2015, Ex A-1 (Dr. Thomas's Report, undated). Because Dr. Thomas's conclusions are essentially consistent with Kildonan's understanding of B.W.'s progression while attending its school, Plaintiffs wish to add this Report with its additional details and assessments. Dkt. No. 9 at p. 3. Wallkill suggests that because this report is new – being completed in 2015 – it is not directly related to any of the relevant school years. Additionally, Wallkill urges the Court to find that Dr. Thomas's Report is duplicative inasmuch as the Administrative Record already contains B.W.'s psychological and educational evaluations, and it may create a *de novo* trial. Dkt. No. 10-4 at p. 12. However, the record does not support such an exhortation. Both the IHO's and the SRO's decisions found that Wallkill did not provide Plaintiffs with an Independent Educational Evaluation, and therefore, there was no reasonable means for them to present an evaluation as that conducted by Dr. Thomas. *See* Dkt. Nos. 1-1, IHO's Dec. at pp. 62-64 & 1-2, SRO's Dec. at pp. 31-33. Dr. Thomas was not retained until after the SRO's decision. Dkt. No. 12 at p. 2.

Plaintiffs persuasively argue that "[t]he District should not benefit from the exclusion of a report that both the IHO and SRO found it had improperly prevented Plaintiffs from obtaining." *Id*. The improper exclusion of evidence by the administrative agency, particularly caused by the action of one of the parties, might provide reasons to supplement the record with a report such as this. *Genn v. New Haven Bd. of Educ.*, 2015 WL 1064766, at *1 (citing *Burlington v. Dep't of Educ.*, 736 F.2d at 790). Similar to the litigants in *Jordan S. v. Hewlett Woodmere Union Free Sch. Dist.*, 2009 WL 910804 (E.D.N.Y. Mar. 31, 2009), Plaintiffs attempt to supplement the administrative record with a non-duplicative progress report from a behavioral specialist, even though the report extends beyond the scope of the relevant school years. And, likewise, Plaintiffs have met their burden and the Court will permit the admission of Dr. Thomas's Report.

Wallkill will not be "sandbagged" by the interjection of Dr. Thomas's Report into the discussion. Plaintiffs have offered and the Court compels Dr. Thomas to submit to a deposition. With a deposition, Wallkill may be able to challenge the underlying determinations within the Report. Since a scheduling order has not been issued, Wallkill will be afforded ample opportunity to conduct this deposition.

For, all of the above reasons, it is hereby

**ORDERED**, that Plaintiffs' Motion to Supplement the Record, Dkt. No. 9, is

**GRANTED IN PART AND DENIED IN PART** consistent with the discussion above; and it is further

**ORDERED**, that the parties file the dates and times that they may be available to reconvene the Rule 16 Conference during the weeks ending April 18 and 25, 2015, so that a scheduling order can be issued; and it is further

**ORDERED**, that Wallkill may depose Dr. Thomas regarding his Report.

**IT IS SO ORDERED**.

April 9, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge